BRANCATO *v.* GUNN ET AL.

No. 98–9913.   Decided October 12, 1999

PER CURIAM.

*Pro se* petitioner Brancato seeks leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request as frivolous pursuant to Rule 39.8.   Brancato is allowed until November 2, 1999, within which to pay the docketing fees required by Rule 38 and to submit his petition in compliance with this Court's Rule 33.1.   We also direct the Clerk not to accept any further petitions for certiorari from Brancato in noncriminal matters unless he first pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.1.

Brancato has abused this Court's certiorari process.   On June 7, 1999, we invoked Rule 39.8 to deny Brancato *in*

*forma pauperis* status with respect to a petition for certiorari. See *Brancato* v. *Connecticut Gen. Life Ins. Co.,* 526 U. S. 1157. Prior to the Rule 39.8 denial, Brancato had filed six petitions for certiorari, all of which were both frivolous and had been denied without recorded dissent. The instant petition for certiorari thus brings Brancato's total number of frivolous filings to eight.

We enter the order barring prospective filings for the reasons discussed in *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1 (1992) *(per curiam).* Brancato's abuse of the writ of certiorari has been in noncriminal cases, and we limit our sanction accordingly. The order therefore will not prevent Brancato from petitioning to challenge criminal sanctions which might be imposed on him. The order will, however, allow this Court to devote its limited resources to the claims of petitioners who have not abused our processes.

*It is so ordered.*

JUSTICE STEVENS, dissenting.

For reasons previously stated, see *Martin* v. *District of Columbia Court of Appeals,* 506 U. S. 1, 4 (1992) (STEVENS, J., dissenting), and cases cited, I respectfully dissent.