Merritt v. Warden, NHSP            CV-03-311-JD   03/11/04

UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Kevin Merritt

     v.                              Civil No. 03-311-JD
                                     Opinion No. 2004 DNH 043
Warden, New Hampshire
State Prison


                         O R D E R


     Kevin Merritt, proceeding pro se, seeks a writ of habeas
corpus, pursuant to 28 U.S.C. § 2254, based on several claims
all arising from the fact that Merritt's alleged accomplice
was not called to testify at his trial.  The Warden moves for
summary judgment, contending that one claim is procedurally
defaulted and that the remainder of his claims are without
merit.  Merritt has not responded to the motion for summary
judgment.


                        Background

     Merritt was convicted on September 24, 1996, of four
counts of acting in concert with another in the fraudulent use
of credit cards.  He was sentenced to a term of five to ten
years imprisonment.  In July of 1999, the New Hampshire
Supreme Court reversed his conviction on one count, due to
insufficient evidence, but affirmed his other convictions.

Attorney Barbara Bradshaw was appointed to represent Merritt, in response to his motion for appointment of new counsel, which was filed shortly before his trial was scheduled to begin. Bradshaw met with Merritt and discussed trial strategy, specifically a defense focused on whether Merritt had knowledge of the use of the credit cards. When Bradshaw met with Merritt again about a week later, over the weekend just before trial, Merritt presented her with a note purportedly signed by his alleged accomplice, Kelly Higgins Laster, stating that Merritt did not give her any credit cards.[1]

Bradshaw knew that Laster was incarcerated in Maine and believed that Laster was asserting her innocence on the charges against her arising from the same events. In response to Bradshaw's questions, Merritt explained his possession of the note only by saying that "I have my ways." Bradshaw explained that the note was inadmissible hearsay and could not be introduced at trial. Bradshaw offered that Laster could be called to testify, although that would delay the trial. Because Laster would likely raise self-incrimination issues,

---

[1]At the time of trial, Merritt's alleged accomplice's name was Kelly C. Higgins. To avoid confusion, she will be referred to as Laster in this order.

Bradshaw explained, further court hearings would be necessary to obtain her testimony. Merritt was upset that Bradshaw would not use the note at trial and offered to get the same information in affidavit form.

On the day of jury selection, Merritt produced an affidavit form of Laster's note that lacked a jurat or the necessary formality of an affidavit. Attorney Bradshaw was skeptical about the "affidavit" and discussed a continuance with Merritt so that she could investigate Laster's statements and attempt to obtain her testimony at trial, if appropriate. Merritt adamantly refused to allow any continuance of the trial. At his direction, Attorney Bradshaw argued against the state's last-minute request for a continuance.

Before the trial began, Merritt asked to address the court. Speaking on his own behalf, he explained that he had presented a document to his counsel and wanted to show it to the court. Judge Murphy told Merritt to tell him what he had presented to his counsel and warned Merritt that he did not want to get involved in any attorney-client privilege. Merritt told the judge that he had the statement from Laster and that Bradshaw told him the statement was inadmissible and it would take sixty days to get Laster to court to testify. After establishing that Laster was in jail in York County,

Maine, Merritt asked the court if the statement was admissible in his trial. Judge Murphy told him that the statement was hearsay and inadmissible and that it would take time to get Laster to court to testify. Judge Murphy also told Merritt that he did not expect him to understand the law of evidence. Merritt chose to go forward with the trial and was convicted.

After Merritt filed a motion for a new trial, new counsel from the Office of the Public Defender was appointed to represent him. Merritt sought a new trial on grounds of newly discovered evidence and ineffective assistance of trial counsel. The newly discovered evidence offered by Merritt was expected testimony from Laster to the effect that Merritt did not furnish the credit cards used for the purchases that were the bases of the charges against him and his convictions. He also asserted a claim of ineffective assistance of trial counsel, due to Attorney Bradshaw's failure to call Laster as a witness at trial. The state court denied the motion for a new trial, and the New Hampshire Supreme Court declined to accept the appeal.

Merritt then filed a petition for habeas corpus in state court, proceeding pro se. In support of his habeas petition, Merritt alleged ineffective assistance of his trial counsel, Barbara Bradshaw; ineffective assistance of appellate counsel,

4

Gary Apfel, and ineffective assistance of counsel appointed to represent him in the proceeding seeking a new trial, Richard Gaudreau. The trial court denied the petition and Merritt's motion for reconsideration, and the New Hampshire Supreme Court declined to accept the appeal.

### Discussion

In support of his application for a writ of habeas corpus in this court, Merritt raises the following claims: (1) ineffective assistance of trial counsel due to counsel's failure to compel witnesses and to present exculpatory evidence; (2) ineffective assistance of appellate counsel, arising from an actual conflict of interest, and of counsel on the motion for a new trial, due to counsel's failure to raise the ineffective assistance of his trial counsel on appeal; (3) judicial intrusion into the attorney-client relationship in violation of Merritt's right to due process, right to compel witnesses, and right to the effective assistance of counsel; (4) actual innocence; (5) denial of the Sixth Amendment right to compel witnesses, and (6) denial of due process due to the court's failure to consider exonerating evidence. The Warden moves for summary judgment, asserting that Merritt's claim of ineffective assistance of trial counsel was procedurally

defaulted and that his other claims fail on the merits.

Summary judgment is appropriate in habeas proceedings, as in other civil actions, when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Fed. R. Civ. P. 81(a)(2); Rule 11 of the Rules Governing § 2254 Cases. An unopposed motion for summary judgment can only be granted if the moving party is entitled to judgment on the merits of the motion, viewed in light of Rule 56. See Carmona v. Toledo, 215 F.3d 124, 134 n.9 (1st Cir. 2000).

A. Procedural Default

The Warden argues that Merritt procedurally defaulted his claim of ineffective assistance of trial counsel by not raising the claim in his direct criminal appeal. The Warden is wrong.[2]

_____

[2]Assistant Attorney General Nicholas Cort represents the Warden. Cort's motion and memorandum are unhelpful in resolving the issues presented in this case. The court expects attorneys appearing before it to be thoroughly familiar with the law relating to the subject matter in controversy and to present well considered motions and

6

For purposes of a federal habeas corpus proceeding, "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991); accord Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Therefore, "federal habeas review is precluded, as a general proposition, when a state court has reached its decision on the basis of an adequate and independent state-law ground." Burks v. Dubois, 55 F.3d 712, 716 (1st Cir. 1995). A petitioner's procedural default in state court is an independent and adequate state ground for the state court's decision as long as the state regularly and consistently enforces that procedural rule. Gunter v. Maloney, 291 F.3d 74, 79 (1st Cir. 2002).

Merritt first raised the claim of ineffective assistance of trial counsel in his motion for a new trial. The state court ruled that he had not demonstrated that Attorney Bradshaw's representation was ineffective. Merritt raised the same claim in his state habeas proceeding. There, the court ruled, in alternative holdings, that Merritt procedurally

memoranda. Anything short of this does little to advance the resolution of a case.

7

defaulted the ineffective assistance of trial counsel claim and that the claim failed because it had been previously decided on the merits in the context of his motion for a new trial.

New Hampshire has not regularly and consistently enforced a procedural rule that an ineffective assistance of counsel claim is waived unless it is raised in a criminal defendant's direct appeal. See, e.g., Humphrey v. Cunningham, 133 N.H. 727, 732-33 (1990); Avery v. Cunningham, 131 N.H. 138, 144-45 (1988); State v. Riendeau, 2001 WL 34013567 at *4, n.4 (N.H. Sup. Ct. Nov. 14, 2001). In fact, the state court's decisions in Merritt's case demonstrate an inconsistent application of such a rule. Therefore, Merritt's claim of ineffective assistance of trial counsel is not procedurally defaulted. The Warden's motion for summary judgment based on procedural default is denied.

B. Review Pursuant to 28 U.S.C. § 2254

In reviewing claims on the merits, a federal habeas court must decide whether the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision based on an unreasonable determination of the facts. . . ." §

8

2254(d); see also Price v. Vincent, 123 S. Ct. 1848, 1852 (2003). A state court's decision is "contrary to" clearly established Supreme Court precedent if it "'applies a rule that contradicts the governing law set forth in our cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Mitchell v. Esparza, 124 S. Ct. 7, 10 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405-406 (2000))(citing Price v. Vincent, 123 S. Ct. 1848, 1853 (2003); Early v. Packer, 537 U.S. 3, 7-8 (2002)).

Adjudication on the merits does not mean that the state court necessarily decided the claim under federal law, and a state court's decision is not "contrary to" federal law due to a lack of citation to any federal precedent. Early, 537 U.S. at 8. "[A] state court need not even be aware of [Supreme Court] precedents, so long as neither the reasoning nor the result of the state-court decision contradicts them." Id. (internal quotation marks omitted). When a state court applies federal law and its application is challenged under § 2254(d), "it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 124 S. Ct. 1, 4 (2003).

1.  <u>Ineffective assistance of counsel.</u>

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel.  That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense."  <u>Yarborough</u>, 124 S. Ct. at 4 (citing <u>Wiggins v. Smith</u>, 123 S. Ct. 2527, 2529 (2003); <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).  Counsel is afforded "wide latitude in deciding how best to represent a client."  <u>Id.</u>  Therefore, counsel's performance is constitutionally deficient only if it was objectively unreasonable.  <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000).  To demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3]  <u>Strickland</u>, 466 U.S. at 694.  A "reasonable probability" is one "sufficient to undermine confidence in the outcome."  <u>Id.</u>

By Merritt's account, he has been the victim of a succession of constitutionally deficient lawyers.  Merritt

---

[3]To the extent that Merritt contends that the state court should have presumed prejudice in his case under <u>United States v. Cronic</u>, 466 U.S. 648 (1984), the facts do not support such a conclusion.  <u>See</u> <u>Scarpa v. DuBois</u>, 38 F.3d 1, 12-13 (1st Cir. 1994).

asserts that his trial counsel, Barbara Bradshaw, provided ineffective assistance because she did not advise him of his Sixth Amendment right to compel witnesses to testify in his favor at trial and because she allowed the trial judge's remarks to dissuade Merritt from insisting on calling witnesses in his favor.  He also asserts that Bradshaw should have interviewed Laster before deciding whether or not to call her as a witness.  He contends that his appellate counsel, Gary Apfel, was ineffective because he failed to raise the issue of ineffective assistance of trial counsel on appeal, due to an actual conflict of interest.  He further contends that his counsel appointed to represent him for his motion for a new trial, Richard Gaudreau, was ineffective because he did not appeal the issue of ineffective assistance.

Merritt asserted that he was entitled to a new trial based on newly discovered evidence, Laster's exculpatory testimony, and the ineffective assistance of Bradshaw, due to her failure to call Laster to testify at his trial.[4]  A hearing was held on the motion.  Judge Murphy found that Laster's testimony did not qualify as newly discovered

---

[4]In the course of the proceeding on Merritt's motion for a new trial, Laster testified in a deposition that Merritt had no knowledge that the credit cards she used were not her own.

evidence and that Attorney Bradshaw's representation was not deficient because Merritt's refusal to allow a continuance prevented his counsel from presenting that evidence.

In denying Merritt's petition for a writ of habeas corpus, Judge Mangones concluded that contrary to Merritt's argument, he did not preserve an objection to Attorney Bradshaw's trial strategy but instead refused to allow a continuance that would have allowed Bradshaw to depose Laster. Given that circumstance, Judge Mangones ruled, "Attorney Apfel's failure to raise this issue does not constitute ineffective assistance of counsel." Merritt v. Coplan, 02-E-336, at *7 (N.H. Sup. Ct. Jan. 6, 2003). Judge Mangones also ruled that if Attorney Gaudreau had failed to raise the issue of ineffective assistance of counsel on appeal (which apparently was in question), that failure did not constitute ineffective assistance of counsel under state law because Merritt failed to show that he was prejudiced by the representation of either Attorney Apfel or Attorney Gaudreau.

In response to Merritt's motion for reconsideration, Judge Mangones again ruled that Merritt could not show that he received deficient representation or that he was prejudiced by Attorney Apfel's failure to raise an ineffective assistance of counsel claim on direct appeal. The judge also found that

12

Attorney Gaudreau had raised the ineffective assistance claim on appeal, contrary to Merritt's claim.

Because the state court decided the ineffective assistance of counsel claims under state law, rather than federal law, this court must determine whether those decisions were contrary to federal law as established by the Supreme Court. As noted above, under Supreme Court precedent, to be constitutionally deficient, counsel's performance must be objectively unreasonable. See Yarborough, 124 S. Ct. at 4. To satisfy the prejudice prong of the test, Merritt must show that the asserted errors by counsel are sufficient to undermine confidence in the outcome of his case. Strickland, 466 U.S. at 694.

Based on the state court findings, which Merritt has not challenged, Attorney Bradshaw had no choice but to proceed with trial without calling Laster when Merritt refused to allow a continuance. As such, the state court's ruling that Attorney Bradshaw provided good legal advice which Merritt decided to ignore is not contrary to the federal standard that counsel's advice was not objectively unreasonable.[5] For the

_____

[5]Judge Murphy summarized his conclusion as follows: "[Merritt] cannot on the one hand tie his counsel's hands behind her back by refusing to consent to a continuance in order to obtain favorable testimony and then complain that his

13

same reason, the state court's decision that Attorney Apfel's failure to raise the issue on direct appeal was neither deficient representation nor prejudicial is not contrary to the federal standard. Based on the state court's decision on reconsideration, it is not clear whether or not Attorney Gaudreau raised the ineffective assistance of counsel issue on appeal.[6] As the state court initially ruled, however, even if the issue were not raised on appeal, its absence did not prejudice Merritt's case.

Merritt has not shown that the state court's decisions on his ineffective assistance of counsel claims were contrary to federal law as established by the Supreme Court. Therefore, the Warden is entitled to summary judgment as to those claims.

### 2. Judicial intrusion.

Merritt asserts that Judge Murphy's remarks to him concerning Laster's note were an intrusion into his

---

counsel's failure to obtain that testimony provides a basis for a new trial. . . . Trial counsel gave the defendant the benefit of sound and competent advice; the defendant chose to reject it and should not now be able to take advantage of his refusal." Merritt, 96-S-680, 681, 682 at *7 & *8.

[6]The habeas record in this court does not include the documents submitted on appeal from the denial of Merritt's motion for a new trial.

relationship with his attorney in violation of due process, his right to compel witnesses, and his right to the effective assistance of counsel.  Because the interchange between Judge Murphy and Merritt occurred before trial and out of the presence of the jury, Merritt does not assert judicial misconduct in the conduct of the trial before the jury.  Cf. Liteky v. United States, 510 U.S. 540, 555-56 (1994).  Merritt does not cite, and the court has not found, a Supreme Court case that addresses the issue he raises.  In contrast, a trial judge may, and sometimes must, inquire into certain parts of the attorney-client relationship without violating a defendant's constitutional rights.  See, e.g., Mickens v. Taylor, 535 U.S. 162 (2002); United States v. Reyes, 352 F.3d 511, 515-16 (1st Cir. 2003); United States v. Welty, 674 F.2d 185, 190-91 (3d Cir. 1982).

In denying Merritt's motion for reconsideration of the denial of his habeas petition, Judge Mangones found that Judge Murphy's remarks did not influence the effectiveness of Attorney Bradshaw and did not intrude into the attorney-client relationship.  Merritt does not challenge those findings, which are amply supported by the record.  The state court decision is not contrary to established federal law.

15

3. <u>Sixth Amendment right to compel witnesses.</u>

Merritt contends that his Sixth Amendment right to compel witnesses to testify in his favor was violated when Laster was not called to testify. The Sixth Amendment right to compulsory process is well established. <u>See, e.g.</u>, <u>Taylor v. Illinois</u>, 484 U.S. 400, 401-02 (1988) (citing <u>Washington v. Texas</u>, 388 U.S. 14, 17-19 (1967)). However, as the state court judges found, Merritt refused to allow a continuance that was required to have Laster testify. Therefore, he was not denied compulsory process but instead decided not to avail himself of that process.

4. <u>Actual innocence and due process.</u>

Merritt argues that Laster's testimony exonerates him and is proof of his actual innocence under <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). He asserts that he was entitled to an evidentiary hearing on his actual innocence claim as part of his habeas proceeding in state court. Because he was denied a hearing, he contends, he was denied due process.

A claim of actual innocence under <u>Schlup</u> is not a constitutional claim for purposes of a habeas petition but instead is a "gateway" for having another constitutional claim addressed by the court. <u>Schlup</u>, 513 U.S. at 315. A habeas

16

petitioner may overcome a procedural bar to his petition if he can show that a constitutional error "probably resulted in the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 623 (1998) (quotation marks omitted). "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup, 513 U.S. at 327-28) (additional quotation marks omitted).

Unless Merritt intended to use his claim of actual innocence to overcome the state habeas court's ruling in his habeas proceeding of procedural default as to his claim of ineffective assistance of trial counsel, his claim is misplaced. Even if he were using the assertion of actual innocence as a gateway to obtain review of that claim, however, as is discussed above, Merritt was not able to show that a constitutional error led to his conviction. Therefore, his claim of actual innocence did not support his state court habeas petition. Assuming without deciding that Schlup would apply, the state court found that Laster's evidence was not unavailable at trial and that Laster's testimony would not have been sufficiently persuasive to meet the Schlup standard.

17

## Conclusion

For the foregoing reasons, the Warden's motion for summary judgment (document no. 6) is denied in part and granted in part as is discussed more fully in this order. In considering the merits of the plaintiff's claims, the court rules that the state court decisions in his criminal case and his state habeas proceeding were not contrary to established federal law and that he is not entitled to a writ of habeas corpus pursuant to § 2254(d).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 11, 2004

cc:  Kevin Merritt, pro se
     Nicholas P. Cort, Esquire