William HOLLINGS, Plaintiff–Appellant,

v.

**TRANSACTTOOLS, INC.,**
**Defendant–Appellee.**

No. 04–3604.

United States Court of Appeals, Second Circuit.

April 19, 2005.

Alexander Geiger, Geiger and Rothenberg, LLP, New York, NY, for Plaintiff–Appellant.

Dennis A. Lalli, Kauff McClain & McGuire LLP (William E. Zuckerman, on the brief), New York, NY, for Defendant–Appellee.

Present: CALABRESI, CABRANES, Circuit Judges, and Hon. HALL, District Judge.[*]

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant William Hollings ("Hollings") appeals from an August 22, 2003 order granting in part and denying in part Defendant–Appellee TransactTools, Inc.'s ("TransactTools's") motion to dismiss, and from a June 8, 2004 order awarding judgment to TransactTools on the remainder of Hollings's claims. Hollings contends that triable issues of fact remained with respect to *all* of his claims, and that, as such, the district court erred in entering judgment in favor of TransactTools. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Hollings was employed by defendant TransactTools between December 2000 and March 2003. In connection with Hollings's employment at TransactTools, he was required to execute a non-compete agreement, which prohibited him from seeking employment with a competitor of TransactTools for a period of one year following his departure from TransactTools. Despite this non-compete agreement, in May 2003, Hollings—who believed that the non-compete agreement was unenforceable—accepted an offer of employment with Financial Fusion, a primary competitor of TransactTools.

When Hollings informed TransactTools of his new employment, TransactTools sent Financial Fusion a letter, expressing concerns about Financial Fusion's decision to employ Hollings (*hereinafter* "the TransactTools letter"). Specifically, the letter indicated that "TransactTools has reason to believe that Mr. Hollings' performance of work for Financial Fusion will inevitably involve the disclosure and use of Transact-

---

[*] The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

Tools' proprietary confidential and trade secret information in violation of his common-law and contractual obligations" and that "TransactTools takes these obligations very seriously and is prepared to take all necessary measures to protect itself from unfair competition.... " The letter closed by seeking assurances: 1) that Hollings would not be working on Financial Fusion products which were competitive with TransactTools's software products; and 2) that Hollings would not solicit TransactTools's employees to work for Financial Fusion. Upon receipt of Transact-Tools's letter, Financial Fusion terminated Hollings, effective immediately.

A few weeks later, Hollings filed this lawsuit against TransactTools, alleging: 1) that the TransactTools letter was defamatory; and 2) that TransactTools tortiously interfered with his employment with Financial Fusion. In addition, Hollings sought a declaratory judgment that his non-compete agreement with Transact-Tools was unenforceable under New York law. The district court granted Transact-Tools's motion to dismiss Hollings's defamation claim on August 22, 2003. On June 8, 2004, the district court granted summary judgment to TransactTools on Hollings's tortious interference claim. And—since the one year period of the non-compete agreement had since expired—the court also *sua sponte* dismissed Hollings's declaratory judgment claim as moot. This appeal followed.

■ We agree with the district court that the TransactTools letter was non-defamatory as a matter of law. *See Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 177 (2d Cir.2000) (indicating that "[w]hether particular words are defamatory presents a legal question to be resolved by the court[s] in the first instance" (quoting *Aronson v. Wiersma*, 65 N.Y.2d 592, 493 N.Y.S.2d 1006, 483 N.E.2d 1138, 1139 (1985))). Although Hollings argues that the letter can be read as suggesting that he "was a thief who stole information"—or that he otherwise deliberately acted improperly in connection with his departure from Transact-Tools—the district court properly found otherwise. Read in context, the letter expresses, at most, TransactTools's concern that Hollings's employment with Financial Fusion would inevitably result in the improper use of TransactTools's proprietary information. And, this type of expression of concern is non-actionable under New York law. *See Flamm v. American Ass'n of Univ. Women*, 201 F.3d 144, 147–48 (2d Cir.2000).

■ We also conclude that the district court properly awarded judgment to Tran-sactTools on Hollings's tortious interference and declaratory judgment claims. Under New York law, Hollings was required to make a showing of malice, illegality, or other wrongdoing, in order to prevail on his tortious interference claim. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 189–92, 785 N.Y.S.2d 359, 818 N.E.2d 1100 (2004); *Foster v. Churchill*, 87 N.Y.2d 744, 750, 642 N.Y.S.2d 583, 665 N.E.2d 153 (1996). Hollings's evidence of any such malfeasance on the part of TransactTools was, however, too scant to create a genuine issue of fact for trial. *See Murray v. Xerox Corp.*, 811 F.2d 118, 121 (2d Cir. 1987) (in order to show a genuine issue of fact adequate to defeat summary judgment, a party "must do more than simply show that there is some metaphysical doubt as to the material facts") (quoting *Matsushita Electrical Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Similarly, Hollings's arguments for why—despite the expiration of the non-compete period—his request for declaratory judgment is not moot, are too speculative to require a re-

mand for further factual inquiry. *Cf.* *Spencer v. Kemna,* 523 U.S. 1, 14–16, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (finding habeas petitioner's claim to be moot, and rejecting the petitioner's arguments for non-mootness as too speculative).

We have considered all of Hollings's arguments and find them to be without merit. We therefore AFFIRM the judgment of the district court.