FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOE LOUIS ARMENTA, | No. 16-55930 |
| Petitioner-Appellant, | D.C. No. 5:15-cv-00415-DOC-RAO |
| v. | |
| SCOTT KERNAN, Secretary, California Department of Corrections, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before:  BEA and MURGUIA, Circuit Judges, and KEELEY,** District Judge.

Joe Louis Armenta, a California state prisoner, appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition. After a jury trial, Armenta was

convicted of four counts of attempted murder of a peace officer, *see* Cal. Pen. Code

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia, sitting by designation.

§§ 187(a), 664(e)-(f); four counts of assault with a firearm on a peace officer, *see* Cal. Pen. Code § 245(d)(1); one count of unlawful possession of a firearm, *see* Cal. Pen. Code § 12021(a)(1); and one count of unlawful possession of ammunition, *see* Cal. Pen. Code § 12316(b)(1).  In his habeas petition, and now on appeal, Armenta asserts that he was denied due process because of five alleged instances of prosecutorial misconduct—one during opening statement, two while presenting evidence, and two during closing argument. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), we may grant relief only when a state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

To prevail on a claim of prosecutorial misconduct, a petitioner must show that the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial misconduct warrants relief only if the alleged error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v.*

16-55930

*Abrahamson*, 507 U.S. 619, 637 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)). Here, none of the prosecutor's remarks, taken individually or together, constituted prejudicial misconduct under the Supreme Court's clearly established law.

1. During opening statement, the prosecutor accused the defense of fabricating stories to rationalize Armenta's behavior. The trial court admonished the jury that the prosecutor's statement did not constitute evidence and should be disregarded. Rather than determine whether the prosecutor engaged in misconduct, the California Court of Appeal[1] held that the trial court's admonition cured any potential prejudice from the prosecutor's remarks. This conclusion is not contrary to, nor an unreasonable application of, any clearly established federal law. *See, e.g.*, *Darden*, 477 U.S. at 181–82 (finding that prosecutors' improper comments during closing argument did not deprive petitioner of a fair trial because the trial court instructed jurors that arguments of counsel were not evidence); *Donnelly*, 416 U.S. at 644–45 (same, where jury was instructed to disregard prosecutor's improper statements during closing argument). Indeed, a jury is presumed to have understood and followed the trial court's instructions. *Weeks v. Angelone*, 528 U.S.

---

[1]    Because the California Supreme Court denied Armenta's state court habeas petition without substantive comment, we review the California Court of Appeal's unpublished opinion as the "last reasoned decision" in the state proceedings. *Maxwell v. Roe*, 628 F.3d 486, 495 (9th Cir. 2010).

225, 234 (2000). Any risk of undue prejudice was further mitigated when the trial court sustained defense counsel's objection and struck the prosecutor's remarks from the record. *See Greer v. Miller*, 483 U.S. 756, 766 & n.8 (1987).

2. Armenta next contends that the prosecutor elicited false testimony about the nature of his prior conviction. Special Agent Rudolph, who participated in Armenta's arrest, testified that he had received information from other officers that Armenta was "on felony probation for a firearms offense." Defense counsel objected to Rudolph's testimony, since Armenta was on probation for possession of metal knuckles, not a firearm. The California Court of Appeal concluded that there was no prosecutorial misconduct because the prosecutor did not elicit false testimony. Rudolph honestly described his state of mind when he executed the arrest warrant, including what he knew about Armenta's criminal history. Moreover, even if Rudolph's testimony was false, the Court of Appeal reasonably concluded that any prejudice was cured by the trial court's admonition to the jury that Armenta was on probation for possession of metal knuckles. *See Greer*, 483 U.S. at 766 n.8. This conclusion is not contrary to, nor an unreasonable application of, any clearly established federal law. *See Darden*, 477 U.S. at 181–82; *see also Donnelly*, 416 U.S. at 644–45; *Weeks*, 528 U.S. at 234.

3. Armenta next argues that the prosecutor improperly elicited testimony about his encounter with an East Side Riva (ESR) gang member in 1999. At a pre-

4                                                                          16-55930

trial hearing, the trial court issued an in limine ruling excluding any evidence that the victim of that encounter was a four-year-old minor. While cross-examining Armenta, the prosecutor elicited testimony that Armenta had fired a shotgun and killed an "innocent bystander" during the 1999 incident. Defense counsel objected, arguing that the prosecutor had violated the in limine ruling.

While a prosecutor's clear violation of a state trial court's in limine ruling constitutes prosecutorial misconduct for the purpose of habeas relief, *see Hardnett v. Marshall*, 25 F.3d 875, 877–78, 880 (9th Cir. 1994), here, the trial court found no violation of its limine ruling, and, instead, conceded that its in limine ruling was "unclear." Armenta's prosecutorial misconduct claim therefore requires us to interpret the trial court's evidentiary order, and in doing so to make our own findings on state law issues of admissible evidence. Habeas relief may not be granted on this basis. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Leinweber v. Tilton*, 490 Fed. App'x 54, 57 (9th Cir. 2012) (citing *Estelle*, 502 U.S. at 63) ("[Petitioner] complains of instances in which the state trial court admitted prior bad act evidence over defense counsel's objection . . . . This contention does not address prosecutorial misconduct [for purposes of habeas relief] but rather goes to the state trial court's admission of that evidence, an issue of state law.").

4. Armenta next contends that, during closing argument, the prosecutor misstated the knock-and-announce rule for executing arrest warrants. The California Court of Appeal held that Armenta waived this allegation because he failed to comply with the court's briefing rule. California courts require every party to "support each point [in a brief] by argument, and if possible, by citation of authority." Cal. Ct. R. 8.204(a)(1)(B). If this requirement is not satisfied, "the court may treat [the point] as waived, and pass it without consideration." *People v. Stanley*, 897 P.2d 481, 497 (Cal. 1995). This rule is adequate, because it is firmly established and regularly followed. *See, e.g.*, *People v. Hovarter*, 189 P.3d 300, 333 (Cal. 2008). It also does not require state courts to inquire into federal law, and is therefore independent. *Coleman v. Thompson*, 501 U.S. 722, 734–35 (1991). Thus, Armenta's claim is procedurally defaulted, and he is not entitled to habeas relief on this claim. *See id*. at 729 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").

Additionally, even if Armenta had not procedurally defaulted this claim, Armenta fails to show that the prosecutor's closing argument misstated the knock-and-announce rule. The California Court of Appeal reasonably applied federal law when it concluded that the prosecutor's statements were legally accurate. *See* 18

U.S.C. § 3109; *Payton v. New York*, 445 U.S. 573, 616 (1980). Moreover, if the prosecutor had misstated the law on knock-and-announce, the California Court of Appeal reasonably concluded that there was no prejudice, because the trial court admonished the jury multiple times to rely exclusively on its instructions for the governing law. *See Boyde v. California*, 494 U.S. 370, 384 (1990) ("[A]rguments of counsel [that misstate the law] generally carry less weight with a jury than do instructions from the court.").

5. Finally, Armenta asserts that, during closing argument, the prosecutor misstated a fact when she said Armenta never informed anyone prior to trial about his fear of the ESR gang. The California Court of Appeal concluded that Armenta waived this allegation when defense counsel failed to timely object to the prosecutor's alleged misstatement of fact during closing argument.

To preserve a claim for appeal, California's contemporaneous objection rule (COR) requires a defendant to "make a timely and specific objection and ask the trial court to admonish the jury to disregard the impropriety," unless doing so would be futile or an admonition would not cure the harm. *People v. Clark*, 261 P.3d 243, 327 (Cal. 2011) (internal citations omitted). The COR is controlling when an objection is "so obviously late as to preclude the trial judge from giving it meaningful consideration." *Melendez v. Pliler*, 288 F.3d 1120, 1126 n.7 (9th Cir. 2002). Here, defense counsel's objection was raised two days after closing

argument, when the jury had already begun deliberations. *See People v. Jenkins*, 40 Cal. App. 3d 1054, 1057 (1974) (finding defendant's objections and requests for admonitions untimely where not asserted until after jury deliberations had begun). Because the California Court of Appeal concluded that Armenta waived this claim by failing to object contemporaneously, in violation of the California COR, Armenta is not entitled to habeas relief on this claim. *Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011) (independent state grounds bars federal courts from reconsidering issues in habeas review as long as the "state court explicitly invokes a state procedural bar rule as a separate basis for its decision.").

**AFFIRMED**.