Filed 8/18/20  P. v. Lopez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS LOPEZ,<br><br>Defendant and Appellant. | B304936<br><br>(Los Angeles County<br>Super. Ct. No. SA080455) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Affirmed in part and dismissed in part.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In 2013, Jesus Lopez pled no contest to one count of robbery (Pen. Code, § 211) and admitted personally using a firearm (Pen. Code, § 12022.5). He was sentenced to state prison for 15 years—five years for the robbery and 10 years for the gun use enhancement.

In 2020, Lopez filed a motion seeking relief on two grounds. He requested a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to present mitigating factors for a subsequent youth offender parole hearing. He also requested resentencing pursuant to Senate Bill 620 (SB 620), which provided sentencing courts with discretion to strike firearm enhancements.

The trial court summarily denied the motion. The court rejected the *Franklin* request because in its view *Franklin* only applied to defendants with indeterminate terms and Lopez was sentenced to a determinate term of 15 years. The court rejected the request for resentencing pursuant to SB 620 because Lopez's judgment had long since become final and SB 620 does not apply to final judgments. Lopez appealed the order.

We appointed counsel to represent Lopez on appeal. After review of the record, Lopez's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*). On June 16, 2020, we advised Lopez he had 30 days to submit any contentions or issues he wished us to consider. Lopez did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and Lopez's counsel has fully satisfied his responsibilities under *Wende*. (*Smith v. Robbins* (2000) 528 U.S.

2

259, 279–284; *Wende, supra,* 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

We dismiss Lopez's appeal of the portion of the order challenging the denial of his SB 620 resentencing request. SB 620 does not apply to final judgments, so the trial court lacked jurisdiction to grant his request. For that reason, the order could not have affected Lopez's substantial rights, so it was not an appealable order after judgment. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135; see *People v. Hernandez* (2019) 34 Cal.App.5th 323, 327; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941–942.)

We affirm the portion of the order denying the *Franklin* hearing. We note the trial court's reason for rejecting the *Franklin* request was incorrect because eligibility for parole for youth offenders applies to determinate sentences. (Pen. Code, § 3051, subd. (b)(1).) But Lopez suffered no conceivable prejudice from the error. The minimum period for youth parole eligibility for a determinate term is 15 years, and he will have almost certainly served his 15-year sentence (minus custody credits) by the time he reaches that date. (*Ibid*; see *id.*, § 3051, subd. (a)(3)(C) [setting parole eligibility dates for youth offenders "unless previously released or entitled to an earlier parole consideration hearing pursuant to any other law"].) He will have no need for a *Franklin* hearing.

## DISPOSITION

The portion of the order denying the *Franklin* request is affirmed.  The appeal of the portion of the order denying SB 620 resentencing is dismissed.


                                        BIGELOW, P. J.

We concur:



            GRIMES, J.



            WILEY, J.