David SHORE, Petitioner–Appellant,

v.

Bill LOCKYER, Attorney General, Respondent–Appellee.

No. 01–16537.

D.C. No. CV–00–01288–SI.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2002.*

Decided Dec. 13, 2002.

Before WALLACE, MCKEOWN, and FISHER, Circuit Judges.

MEMORANDUM**

David Shore appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his 1995 convictions for rape and rape by foreign object, for which he was sentenced to a total term of 16 years. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to grant or deny a section 2254 habeas petition, while reviewing its factual findings for clear error, *Melendez v. Pliler*, 288 F.3d 1120, 1124 (9th Cir.2002), and we affirm.

Shore contends that his constitutional rights were violated at trial by numerous instances of prosecutorial misconduct during the closing arguments. However, the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Shore's request for oral argument is denied.

district court found that these claims were procedurally barred because Shore failed to make any contemporaneous objections. *See Vansickel v. White,* 166 F.3d 953, 957 (9th Cir.1999) (noting that federal habeas review is barred where petitioner has defaulted his federal claim in state court pursuant to an adequate and independent state procedural rule).

On appeal, Shore challenges the finding of procedural default, alleging that the state court's decision is interwoven with state and federal grounds, thus it does not clearly and expressly rely upon an independent state ground. This challenge fails, for the state court concluded that Shore procedurally defaulted his claims on state grounds by failing to object at trial and, *alternatively,* rejected his claims on their merits under constitutional grounds. The alternative holding of the state court in no way disturbs the independent state law ground for dismissal. *See Bargas v. Burns,* 179 F.3d 1207, 1214 (9th Cir.1999).

Next addressing Shore's claim that the state court failed to follow firmly established and regularly followed California law, this claim is also without merit. This court has repeatedly held that California's contemporaneous objection rule, precluding appellate review of the admissibility of evidence unless there is a clearly expressed, timely objection giving the trial court a reasonable opportunity to rule on the merits of the objection, is firmly established and clearly followed. *See Melendez,* 288 F.3d at 1125 (noting exception where objection is made but the trial court in its discretion declines to consider it on the merits).

Finally, Shore has not demonstrated that his case is an exception to this state procedural rule or that there was cause for the default and actual prejudice which would permit us to consider his claims on their merits. *See Boyd v. Thompson,* 147 F.3d 1124, 1126 (9th Cir.1998).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Petitioner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.