Dwayne HARRIS, Petitioner—
Appellant,

v.

Jim HAMLET; Attorney General of
the State of California, Re-
spondents—Appellees.

No. 01–57077.

D.C. No. CV–01–00199–VAP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 7, 2003.

Before FISHER and BYBEE, Circuit
Judges, and MAHAN, District Judge.*

MEMORANDUM **

Appellant Dwayne Harris, a California
state prisoner, appeals the district court's
order denying his 28 U.S.C. § 2254 peti-
tion for writ of habeas corpus. We have
jurisdiction under 28 U.S.C. § 2253 and
review de novo a district court's decision to
grant or deny a § 2254 habeas petition,
while reviewing its factual findings for
clear error. *See Melendez v. Pliler*, 288
F.3d 1120, 1124 (9th Cir.2002). The rele-
vant facts are known to the parties and are
discussed here only briefly.

Harris challenges his 1998 conviction for
second-degree murder with a firearm en-
hancement, for which he was sentenced to
a total term of 19 years. His petition, filed
after April 24, 1996, is subject to the Anti-
terrorism and Effective Death Penalty Act
of 1996 ("AEDPA"). *See Lockhart v. Ter-
hune*, 250 F.3d 1223, 1228 (9th Cir.2001).
Under the AEDPA, we may grant Harris'
petition only if the state court's decision
was "contrary to, or involved an unreason-
able application of, clearly established
Federal law, as determined by the Su-
preme Court of the United States." 28
U.S.C. § 2254(d)(1). We conclude that
Harris' due process claim does not meet
this standard. Therefore, we affirm.

---

* The Honorable James C. Mahan, United States
District Judge for the District of Nevada, sit-
ting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

## I.

It is undisputed that Harris shot and killed Dewayne Rasheed on October 17, 1995. At trial, Harris and his wife testified that despite a prior altercation with Rasheed, they had never felt anger toward him, but prosecution witnesses testified otherwise. Harris claimed self-defense. In light of the prosecution testimony regarding his anger, Harris requested special jury instruction C ("Instruction C"):

> The party killing is not precluded from feeling anger or other emotions save and except fear; however, those other emotions cannot be causal factors in his decision to use deadly force. If they are, the homicide cannot be justified on the theory of self-defense.

The trial court refused to give Instruction C and instead gave numerous standard California jury instructions, including CALJIC 5.12, Justifiable Homicide in Self–Defense, and CALJIC 5.14, Homicide in Defense of Another. Harris claims that the trial court's decision to give these instructions instead of Instruction C violated his right to due process under the U.S. Constitution.

## II.

A defendant is entitled to jury instructions that present the crux of his defense. *See Bradley v. Duncan,* 315 F.3d 1091, 1098–99 (9th Cir.2002). But there is no entitlement to tailor-made instructions that pinpoint certain aspects of the defense. *See United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1570 (9th Cir.1989) ("Indeed, '[s]o long as the instructions fairly and adequately cover the issues presented, the judge's formulation of those instructions or choice of language is a matter of discretion.' " (quoting *United States v. Echeverry,* 759 F.2d 1451, 1455 (9th Cir. 1985))); *see also United States v. Del Muro,* 87 F.3d 1078, 1081 (9th Cir.1996).

Here, Harris claimed self-defense, and the trial court presented numerous jury instructions thereon.

A judge must properly instruct the jury regarding the law and all of the elements of the crime. *See Hennessy v. Goldsmith,* 929 F.2d 511, 514 (9th Cir.1991). However, a defendant is not entitled to a special instruction even when such instruction accurately states the law. Rather, the decision whether to give special jury instructions lies within the discretion of the judge, so long as the instructions given encompass the defense theory. *See United States v. Hurd,* 642 F.2d 1179, 1181–82 (9th Cir.1981). Although Instruction C is an accurate statement of California law, *People v. Trevino,* 200 Cal.App.3d 874, 246 Cal.Rptr. 357, 360 (1988), so, too, are the self-defense instructions the court gave. For a defendant to succeed on a self-defense claim in California, "the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such *fears alone."* Cal.Penal Code § 198 (emphasis added). California Jury Instructions 5.12 and 5.14 mimic the California Penal Code, and California courts have countenanced this mimicry. *See Trevino,* 246 Cal.Rptr. at 360 ("[A]n instruction which states that the party killing must act under the influence of such fears alone, is a correct statement of the law."); *People v. Shade,* 185 Cal.App.3d 711, 230 Cal.Rptr. 70, 73 (1986). Therefore, the court's refusal to give Instruction C was not contrary to, or an unreasonable application of, clearly established federal law.

AFFIRMED.