**James W. COVERT, Petitioner—Appellant,**

v.

**Suzan HUBBARD, Warden, Respondent—Appellee.**

No. 03–16915.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Nov. 18, 2004.

Eric Martin Weaver, Esq., Law Office of Eric M Weaver, Albany, CA, for Petitioner–Appellant.

Maureen A. Daly, Esq., AGCA—Office of the California Attorney General (SAC), Sacramento, CA, for Respondent–Appellee.

Before: TROTT, MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

## MEMORANDUM **

Petitioner James Covert, after being convicted of receipt of stolen property and possession of a firearm by a felon, appeals the district court's denial of his habeas corpus petition. Because the California Court of Appeal held that Covert waived his Confrontation Clause claims on independent and adequate state procedural grounds, we affirm the district court's conclusion that Covert's Confrontation Clause claims are procedurally barred. *See Coleman v. Thompson,* 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

We review a district court's denial of a habeas corpus petition de novo, while findings of fact are reviewed for clear error. *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir.2003).

At trial, Covert made no specific Confrontation Clause objection. He made no objection to the form of redaction approved by the trial court, and he did not request a limiting instruction that would

---

* Hon. Milton I. Shadur, Senior U.S. District Judge for Northern Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have cured any harm, *see Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). On appeal to the California Court of Appeal, Covert argued for the first time that the state trial court violated his Confrontation Clause rights when it admitted Dorene's redacted statement without a limiting instruction.

The California Court of Appeal refused to consider the merits of Covert's Confrontation Clause claim because "[n]ever, either before or during the trial[ ], did the defendant specifically object to admission of Dorene's redacted statement." Relying on California's contemporary objection rule (Cal. Evid.Code § 353), which requires a timely objection to preserve issues on appeal, the California Court of Appeal held that "[f]ailure to object to evidence specifically and in a timely manner waives the issue of admissibility on appeal." Thus, because the California Court of Appeal specifically disposed of Covert's Confrontation Clause claim on state procedural grounds, those claims are procedurally barred. *See Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Covert argues that there can be no procedural default because the California Court of Appeal did not explicitly invoke waiver for failure to object to the prosecutor's closing argument, but instead found waiver for failure to object to the *admission* of the redacted statement. However, the California Court of Appeal applied the evidentiary rule to *broadly* find that Covert waived his constitutional objections. The court specifically found: "That the defendant's objection to the admission of the redacted statement is that its admission deprived him of the right to confront and cross-examine a witness against him does not change this analysis. Even objections of a constitutional nature must be made, in the first instance, in the trial court." The court broadly concluded that

"since the trial court did not have occasion to respond to objections now raised by the defendant, we cannot reverse his convictions based on those objections." The Court of Appeal's finding that Covert waived his constitutional claims did not depend on the factual basis of those claims. Whether the Confrontation Clause claim was based on the admission of Dorene's confession or on the prosecutor's closing argument, it is waived because Covert did not object at trial.

Covert argues also that California's contemporaneous objection rule is not an adequate procedural bar because it requires the exercise of judicial discretion. However, "[t]hat the application of a rule requires the exercise of judicial discretion does not render the rule inadequate to support a state decision." *Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir.1996). To constitute an adequate procedural bar, a state court procedural rule must be "clear, consistently applied, and well established at the time of the petitioner's purported default." *Melendez v. Pliler,* 288 F.3d 1120, 1124 (9th Cir.2002). We "held more than twenty years ago that the [contemporaneous objection] rule is consistently applied when a party has failed to make any objection to the admission of evidence." *Id.* at 1125.

Covert argues that the California Court of Appeal's holding that Covert waived his Confrontation Clause claim by failing to object to the admission of the redacted statement at trial was, itself, contrary to Supreme Court precedent. Covert argues that he did not object on Confrontation Clause grounds when the trial court admitted the statement because it had been redacted at that time and was thus unobjectionable. By the time the confrontation problem arose—during closing argument, Covert argues—any objection would have been futile. This argument is based on

Covert's claim that the prosecutor's closing argument reinserted Covert's name into Dorene's redacted confession, transforming the *Richardson* error into an error under *Bruton v. United States*, 391 U.S. 123, 135–36, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which is not curable by a limiting instruction.

The prosecutor's statement that Dorene's confession was "damning to both defendants," however, did not effectively undo the redaction. The redacted statement, unlike that in *United States v. Long*, 900 F.2d 1270, 1280 (8th Cir.1990), did not "invite[ ] the jury to fill in the blank," *id.*, because it left no indication that Dorene's confession implicated anybody else. More importantly, the closing argument in no way hinted that Dorene had implicated Covert.

Thus, Covert fails to show that the prosecutor's comments converted this case from one of *Richardson* error to one of *Bruton* error, which would not be curable even with a limiting instruction. The *Richardson* error could have been cured by a limiting instruction, so the California Court of Appeal did not err in requiring an objection, and its finding of waiver was not contrary to Supreme Court precedent.

This is not to say that the prosecutor's comments were appropriate. However, as noted by the district court, Covert does not argue that the prosecutor committed prosecutorial misconduct by urging the jury to use Dorene's confession against Covert. If Covert were claiming prosecutorial misconduct, the issue for a federal habeas court would be "whether the prosecutor's remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Drayden v. White*, 232 F.3d 704, 713 (9th Cir.2000). This issue is not before us.

Finally, Covert asserts that we should not accept the California Court of Appeal's finding that Covert waived his constitutional claims by failing to timely object. Covert argues that he did, in fact, object to Dorene's confession when he moved to sever his case from Dorene's on Confrontation Clause grounds, specifically citing *Bruton*. This amounts to an argument that the California Court of Appeal erred in applying its own procedural rule. Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

Covert can overcome the procedural default bar only if he demonstrates cause for the default and actual prejudice as a result of the violation of federal law. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. Covert makes no attempt to show cause and prejudice, so his Confrontation Clause claims are procedurally barred.

AFFIRMED.