Son Hieu NGUYEN, Petitioner—
Appellant,

v.

D.L. RUNNELS, Respondent—Appellee.

No. 05–15183.
D.C. No. CV–04–00162–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Jan. 6, 2006.

See also 2003 WL 22017835.

Son Hieu Nguyen, Susanville, CA, pro se.

Gary Dubcoff, Attorney at Law, San Rafael, CA, for Petitioner–Appellant.

Peggy S. Ruffra, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM *

Petitioner Son Nguyen appeals from the district court's denial of his petition for a writ of habeas corpus. Our review is de novo but is guided by the relevant provisions of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2254; *Leavitt v. Arave*, 371 F.3d 663, 668 (9th Cir.2004), *amended by* 383 F.3d 809 (9th Cir.2004). The district court granted a certificate of appealability ("COA") as to three issues and denied a COA as to three others. We deny Petitioner's motion to expand the COA and therefore consider only the certified issues. *See* 9TH CIR. R. 22–1(e); *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citing 28 U.S.C. § 2253(c)). We omit the relevant facts as they are known to the parties.

■ The first certified question is whether it was objectively unreasonable for the state appellate court to conclude that Petitioner suffered no violation of his right of confrontation where the trial court excluded evidence that Kiet Nguyen, a witness for the prosecution, was on felony probation. *See* U.S. CONST. amend. VI; *Delaware v. Van Arsdall*, 475 U.S. 673, 679–80, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Plausibly, Petitioner was entitled to assert his *theory* as to the possibility of Kiet's bias even if there was no evidence presented as to Kiet's probationary status at the

precise moment he implicated Petitioner. *See Davis*, 415 U.S. at 317–18, 94 S.Ct. 1105. We also note that the trial court judge made statements clearly indicating his knowledge of Kiet's probationary status at the time of the motion *in limine*. However, Kiet was a pivotal witness as to only the criminal threat charge. As to the other charges, there remained powerful eyewitness, circumstantial, and motive evidence in support of conviction. We therefore conclude that even if the trial court's exclusion violated the Confrontation Clause, the state appellate court was not objectively unreasonable in determining that the error was harmless beyond a reasonable doubt. *Van Arsdall*, 475 U.S. at 684, 106 S.Ct. 1431 (applying *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).

■ Next we consider whether the state appellate court was objectively unreasonable in determining that the trial court's exclusion of evidence that Kiet had participated in a drive-by shooting was a Confrontation Clause error but was nonetheless harmless. The defense was permitted to present to the jury extensive evidence of Kiet's penchant for violence and his tenuous grasp of the law's requirements; any cross-examination as to his participation in a specific drive-by shooting would have been cumulative. *See Van Arsdall*, 475 U.S. at 684, 106 S.Ct. 1431. In terms of impeachment of Kiet's moral character, the cross-examination would not have given the jury "a significantly different impression of [the witness's] credibility." *Id.* at 680, 106 S.Ct. 1431. As to a possibility of bias, the state court reasonably determined that the error was harmless for the same reasons cited above.

■ Finally, we consider whether the state appellate court was objectively un-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reasonable in determining that Petitioner failed to establish cause and prejudice for his failure to object at trial to the admission of a redacted version of an out-of-court statement by Thach Kim Tran, Petitioner's non-testifying co-defendant. The California contemporaneous objection rule is "clear, consistently applied, and well-established" where, as here, a party fails to make any objection to the admission of evidence. *Melendez v. Pliler,* 288 F.3d 1120, 1124–25 (9th Cir.2002). The rule is therefore operative here as an "adequate and independent" state procedural bar. *See Collier v. Bayer,* 408 F.3d 1279, 1283 (9th Cir.2005).

█ In an attempt to overcome this bar, Petitioner argues that the ineffective assistance of his trial counsel establishes cause for the default. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Vansickel v. White,* 166 F.3d 953, 958 (9th Cir.1999). Tran's statement was redacted to remove all references that may reasonably have incriminated Petitioner, and the judge gave a proper limiting instruction. *See Gray v. Maryland,* 523 U.S. 185, 192–95, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998); *Richardson v. Marsh,* 481 U.S. 200, 206, 208–11, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *Bruton v. United States,* 391 U.S. 123, 123–26, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).[1] However, the prosecutor's argument at closing on this point was likely constitutional error. *Richardson,* 481 U.S. at 211, 107 S.Ct. 1702; *United States v. Peterson,* 140 F.3d 819, 822 (9th Cir.1998). But even assuming that trial counsel's failure to object rendered his representation constitutionally inadequate, we conclude that Peti-

tioner has not established that he was prejudiced by the inadequacy. *See Strickland v. Washington,* 466 U.S. 668, 691–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is no reasonable probability that the outcome of the trial would have been more favorable had the prosecutor's single improper statement at closing argument been stricken on counsel's objection. As it was, the trial judge instructed the jury that the statement should be considered against Tran alone. Moreover, as noted, there was ample evidence otherwise establishing Nguyen's guilt on the charged offenses. *Cf. id.* at 693, 104 S.Ct. 2052 ("It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.").

**AFFIRMED.**

---

1. Tran's statement mentioned Petitioner, but it never "expressly implicated the defendant as [Tran's] accomplice" in any criminal activity. *See Richardson,* 481 U.S. at 208, 107 S.Ct. 1702. The reference to a "group" did

not compel a direct implication of Petitioner. *See Gray,* 523 U.S. at 196, 118 S.Ct. 1151 (noting that redacted statements that do not lead directly to the inference that a specific person was involved may be appropriate).