*619 MEMORANDUM*
Anthony Graham Trotter appeals the district court’s denial of his petition for habeas corpus relief. See 28 U.S.C. § 2254. We affirm.
Neither the California courts nor the district court erred in determining that Trotter’s counsel was not constitutionally ineffective when he neither objected to the California trial court’s answering of a jury question by refusing to further instruct on the meaning of “intent to kill,” nor asked for a reread of an intoxication instruction. See Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 2534-35, 156 L.Ed.2d 471 (2003) (standard for grant of habeas corpus relief); Woodford v. Visciotti, 537 U.S. 19, 25, 123 S.Ct. 357, 360, 154 L.Ed.2d 279 (2002) (per curiam) (proper use of ineffective assistance of counsel standard in habe-as corpus case); Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (ineffective assistance of counsel standard); Duncan v. Omoski, 528 F.3d 1222, 1233-34 (9th Cir. 2008) (ineffective assistance of counsel standard); Edwards v. Lamarque, 475 F.3d 1121, 1125 (9th Cir.2007) (en banc) (standard for the grant of habeas corpus relief); see also People v. Cain, 10 Cal.4th 1, 37 n. 13, 892 P.2d 1224, 1246 n. 13, 40 Cal.Rptr.2d 481, 503 n. 13 (1995) (stating that “intent to kill” and “specific intent to kill” are “readily understandable”); People v. Ramsey, 79 Cal.App.4th 621, 630, 94 Cal.Rptr.2d 301, 307 (Ct.App.2000) (holding there is no need to define words in common usage).
We decline to consider Trotter’s newly minted claim that counsel was not present when the jury question was answered. See Taniguchi v. Schultz, 303 F.3d 950, 958-59 (9th Cir.2002).
Moreover, any claim by Trotter that the instructions themselves were constitutionally defective was procedurally defaulted,[1] and he has not shown cause, prejudice or factual innocence.[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. See Paulino v. Castro, 371 F.3d 1083, 1092-93 (9th Cir.2004); Melendez v. Pliler, 288 F.3d 1120, 1125 (9th Cir.2002); People v. Alfaro, 41 Cal.4th 1277, 1303, 163 P.3d 118, 138, 63 Cal.Rptr.3d 433, 457 (2007).

. See Cockett v. Ray, 333 F.3d 938, 943-44 (9th Cir.2003).