**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICO GONZALEZ, | No. 08-56909 |
| Petitioner - Appellee, | D.C. No. 2:01-cv-00300-FMC-JTL |
| v. | |
| CHERYL PLILER, Warden, | MEMORANDUM[*] |
| Respondent - Appellant. | |

| | |
|---|---|
| FREDERICO GONZALEZ, | No. 08-56955 |
| Petitioner - Appellant, | D.C. No. 2:01-cv-00300-FMC-JTL |
| v. | |
| CHERYL PLILER, Warden, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted April 7, 2010
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FRIEDMAN,** D.W. NELSON, and REINHARDT, Circuit Judges.

In a prior decision, we held that Frederico Gonzalez's due process rights had been violated when he was made to wear a "stun belt" throughout his trial. *See Gonzalez v. Pliler*, 341 F.3d 897 (9th Cir. 2003). We remanded for an evidentiary hearing to determine if the error was prejudicial. Following our decision, the state filed a petition for rehearing, in which it contended that Gonzalez had procedurally defaulted his stun belt claim. In response, we expanded our remand order to direct the district court to consider the procedural default issue in addition to the question of prejudice.

Following a hearing, the district court determined that the claim was not procedurally barred and that the error was prejudicial. The court granted Gonzalez's habeas petition. The state appeals. We affirm. Because we do so, we do not decide Gonzalez's cross-appeal of the district court's denial of certificates of appealability on the issues of juror misconduct and cumulative error.

I.

---

** The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

We first address the state's argument that we are barred from reviewing Gonzalez's stun belt claim because the state court's ruling on that claim rested on an "independent" and "adequate" state ground. *See Melendez v. Pliler*, 288 F.3d 1120, 1124 (9th Cir. 2002). We conclude that the procedural rule on which the state court rested its decision is not "clear, consistently applied, and well-established." *Id.* It thus does not provide an "adequate" ground for the state court's decision, and does not bar our review. *Id.*

It is undisputed that Gonzalez made a timely objection to his stun belt at trial. Before the California Court of Appeal, he opposed the belt on the same ground that he had raised below: that there had been no showing of compelling need for restraint. The Court of Appeal reached the question of the belt's constitutionality, and concluded that the belt was constitutional — a conclusion that we subsequently held to be an unreasonable application of clearly established federal law. *See Gonzalez*, 341 F.3d at 904. The California Court of Appeal also held, in the alternative, that even if it had been error to require Gonzalez to wear the belt, the error was harmless. With respect to harm, however, the court refused to consider whether the belt had interfered with Gonzalez's ability to communicate with his attorney, "impaired his thinking," or "somehow abridged his defense," because he had not argued at trial that the belt would have those effects.

The state now argues that we are precluded from reviewing Gonzalez's stun belt claim because the Court of Appeal's holding of harmlessness is adequately supported on a state procedural ground, namely, California's contemporaneous objection rule. We have recognized that California's contemporaneous objection rule is a "clear, consistently applied, and well-established" procedural bar to appellate review when a party has failed to make a timely objection. *Melendez*, 288 F.3d at 1125. However, neither the California Court of Appeal's decision in this case nor the state's arguments before this court has revealed any case prior to this one in which the contemporaneous objection rule was applied to bar appellate review where a party timely objected to a court ruling but failed to specify the prejudice that would result if his objection was not sustained.

The California Court of Appeal cited only one case in support of its assertion of the rule that prejudice not alleged at trial will not be considered on appeal. That case, *People v. Garcia*, 66 Cal. Rptr. 2d 350 (Cal. Ct. App. 1997), *overruled on other grounds by People v. Mar*, 52 P.3d 95 (Cal. 2002), does not show that any such rule has been consistently applied by the California courts or that it has been applied at all. *Garcia* involved a defendant who "switch[ed] theories on appeal." *Id.* at 354. The constitutional question in that case was whether a stun belt constituted a restraint. The trial court had held that it did not, because it did not

restrain the defendant's movements. *Id.* at 353. On appeal, the defendant argued that it did, because it restrained him in a psychological sense. *Id.* at 354. Because he had not raised that theory below, the appellate court refused to consider it. Right or wrong, and we suspect wrong, the decision does not stand for the proposition that a defendant must specify the prejudice that will result from a constitutional violation when he objects to a ruling on the ground that the challenged action violates a particular constitutional provision. Even if *Garcia* were similar to the present case, however, it in itself would not establish a rule that is "clear, consistently applied, and well established." *Pliler*, 288 F.3d at 1124. More cases than one would be necessary.

In this case, there was no issue as to whether Gonzalez's stun belt constituted a restraint. Rather, the only issue was whether the state showed "compelling circumstances" that justified requiring Gonzalez to wear a stun belt during trial. *See Gonzalez*, 341 F.3d at 900-01, 904. The state does not dispute that this issue was timely raised, nor does it assert that Gonzalez "switch[ed] theories" on appeal as to why the stun belt was unjustified. *Garcia*, 66 Cal. Rptr. 2d at 354. Rather, it asserts that, despite timely raising his objection to the stun belt, and making consistent arguments at trial and on appeal as to why he should not have been required to wear the belt, Gonzalez procedurally defaulted his claim

because at the time he raised his objection, he failed to identify the prejudice that would result from wearing it. There is no need to show prejudice at all, however, where the defendant simply asserts that there are no "compelling circumstances" and requests that the order requiring him to wear the belt be withdrawn.

For the reasons set forth above, we conclude that the state procedural bar applied here was not "adequate," and thus does not preclude us from reviewing Gonzalez's claim. *Melendez,* 288 F.3d at 1126.

## II.

The district court held that Gonzalez was prejudiced by the stun belt. The state argues that, in so holding, the district court erred by rejecting the magistrate judge's factual findings without conducting a de novo evidentiary hearing. The state is in error.

The evidentiary hearing below was conducted by a magistrate judge. During the hearing, both documentary evidence and Gonzalez's testimony established that prior to the start of his trial, a bailiff showed and read to him a notice stating that his stun belt was "capable of delivering an impulse of 50,000 volts" and that it "could be remotely activated" if he "communicat[ed] with persons in [his] immediate vicinity." He did not tell Gonzalez that he could talk to his attorney. Gonzalez, his trial counsel, and four of the trial jurors, all testified that Gonzalez

never initiated conversation with his attorney during the trial. The magistrate judge did not question the evidence regarding the bailiff's instructions, nor did she question the evidence that Gonzalez had never initiated conversation with his attorney. Nonetheless, she concluded that the belt had not "substantially interfered with" Gonzalez's right to communicate with his attorney during trial.

The district court was not bound by the magistrate judge's ultimate conclusion regarding prejudice. In fact, it was obligated to review that conclusion without deference to the magistrate judge. *See* 28 U.S.C. § 636(b). Although the district court might have been obligated to conduct a de novo evidentiary hearing had it rejected the factual findings underlying the magistrate judge's conclusion about prejudice, *see United States v. Ridgway*, 300 F.3d 1153, 1157 (9th Cir. 2002), it was not obligated to conduct a new hearing before accepting, but drawing different legal conclusions from, the magistrate judge's factual findings. That is what the district court did in this case: it accepted the magistrate judge's findings that Gonzalez had been warned that his stun belt could be activated if he spoke with anyone, and that he thereafter did not communicate with his attorney during trial. The district court then held, contrary to the magistrate judge's conclusion, that those findings warranted a determination of prejudice. The district court was

not required to hold a de novo evidentiary hearing before arriving at that conclusion.

## III.

The complete deprivation of counsel at a critical stage of a criminal proceeding is structural error. *See United States v. Cronic*, 466 U.S. 648 (1984); *see also Musladin v. LaMarque*, 555 F.3d 830, 837 (9th Cir. 2009). Where a defendant has been denied counsel at a critical stage, no showing of prejudice need be made to obtain habeas relief. *Musladin*, 555 F.3d. at 834, 836-38.

In *Geders v. United States*, 425 U.S. 80 (1976), the Supreme Court held that a trial court had deprived a criminal defendant of assistance of counsel when it instructed him not to discuss his case with his lawyer during an overnight recess. In this case, it is undisputed that Gonzalez was informed, both orally and in writing, that he could be subject to a 50,000 volt shock if he "communicate[d] with persons in his immediate vicinity" during his trial. Gonzalez subsequently wore a stun belt throughout his entire trial and, while the trial was in progress, refrained from communicating with his lawyer. It is self-evident that the trial itself is a critical stage of the proceeding. *Cf. United States v. Miguel*, 111 F.3d 666 (9th Cir. 1997) (recognizing defendant's constitutional right to communicate contemporaneously with his counsel during the testimony of a key prosecution

witness).  Because Gonzalez was prevented from communicating with his lawyer during trial, we conclude that the error was structural.[1]  Accordingly, we AFFIRM the district court's decision to grant habeas relief.

AFFIRMED.

---

[1]The state contends that the law of the case dictates the application of the *Brecht* harmless error standard.  *See Brecht v. Abrahamson*, 507 U.S. 619 (1993).  In our prior decision in this case, we noted that "shackling, *except in extreme forms*, is susceptible to [*Brecht*] harmless error analysis," and we remanded for a hearing on prejudice.  *Gonzalez*, 341 F.3d at 903 (emphasis added).  As explained above, the evidence at the subsequent evidentiary hearing showed Gonzalez's stun belt to be an "extreme form[]" of restraint in that he was told that he could be subject to a 50,000 volt shock if he communicated with his attorney and thereafter did not communicate with him.  *Id.*  Accordingly, it is not inconsistent with the law of the case to hold now that *Brecht* does not apply.

We also observe that, although the district court found prejudice under the *Brecht* standard, "[w]e may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale." *Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004).