**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC HENRY SALDIVAR, "Payaso", | No. 10-57031 |
| Petitioner - Appellant, | D.C. No. 5:03-cv-01384-CAS-FFM |
| v. | |
| GREG LEWIS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted November 17, 2014
Pasadena, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and PONSOR, Senior District Judge.[**]

Eric Saldivar, a California state prisoner, appeals the district court's order

denying his 28 U.S.C. § 2254 petition for writ of habeas corpus. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

jurisdiction under 28 U.S.C. § 2253. We review the district court's decision to grant or deny the petition de novo, and review its factual findings for clear error. Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002).

Saldivar challenges his 2001 conviction for the murder of Alfred De La Rosa. His petition, filed after April 24, 1996, is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lockhart v. Terhune, 250 F.3d 1223, 1228 (9th Cir. 2001). Under the AEDPA standard, we may grant Saldivar's petition only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We conclude that Saldivar's claims do not meet this highly deferential standard. Therefore, we affirm.

The trial court did not unreasonably refuse to give a self-defense instruction to the jury. The only evidence that approached a predicate for a self-defense instruction was one witness's testimony that the victim was facing the shooter when he was shot, but the witness appears to recant or contradict his own testimony in his very next remark, where he says the victim was "running away,"

2

and the witness clarifies that the shooter was "shooting the victim in the back as he ran away."

A self-defense instruction is not available under California law to a defendant who shoots a fleeing victim in the back, People v. Keys, 62 Cal. App. 2d 903, 916 (1944), and "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citing Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)). Stevenson v. United States, 162 U.S. 313, 317 (1896) is distinguishable because there the victim faced the shooter and shot at him and missed. The shooter returned fire hitting the victim in the chest and killing him. In Stevenson, the Court was considering whether a manslaughter, not a self-defense, instruction should have been given; a self-defense instruction had already been given.

The district court did not clearly err by adopting the findings of fact of the California Court of Appeal, as they are amply supported by the record. These facts were sufficient to establish De La Rosa's statement, identifying Saldivar as the shooter, as a dying declaration. The court of appeal found that after De La Rosa was shot, he was lying face down on the ground with blood spewing "like a faucet" from two gunshot wounds. When asked who shot him, De La Rosa replied, "Payaso," a nickname for Eric Saldivar. De La Rosa died an hour and a half later.

3

In California, "a statement made by a dying person respecting the cause and circumstances of his death is not made inadmissible by the hearsay rule if the statement was made upon his personal knowledge and under a sense of immediately impending death." Cal. Evid. Code § 1242. In determining whether a hearsay statement qualifies as a "dying declaration," a court may consider the victim's physical condition, seriousness of wounds, and his conduct or statements. People v. Black, 96 Cal. App. 3d 846, 851 (1979). It is unnecessary for the victim to state that he is going to die. Id. The Supreme Court has recognized this well-established hearsay exception. See Pointer v. Texas, 380 U.S. 400, 407 (1965).

Saldivar's argument that the court of appeal decision did not cite the Sixth Amendment fails. "When a federal claim has been presented to a state court, and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. ___, 131 S. Ct. 770, 784–785 (2011).

The trial court did not violate Saldivar's due process rights by making the statement, "[t]here is no evidence of a struggle at this point," during the defense's closing argument. This comment was made in response to the prosecution's objection that the defense was arguing facts not supported by evidence. This was

4

not error, let alone prejudicial error. Saldivar's reliance on <u>Quercia v. United States</u>, 289 U.S. 466 (1933) is misplaced. There, the judge announced to the jurors the verdict he would reach if he were on the jury, but allowed them to reject his conclusion during their deliberations. <u>Id.</u> at 468–469. Here, the judge merely fulfilled his proper role as the "governor of the trial for the purpose of assuring its proper conduct and of determining questions of law," <u>id.</u> at 469, when he stated his reason for sustaining the prosecution's objection. After sustaining the objection, the judge allowed the defense to continue to argue his self-defense theory. To the extent that Saldivar raises an uncertified claim in his briefs, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. <u>See</u> 9th Cir. R. 22-1(e); <u>Hiivila v. Wood</u>, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

The California state court's decision was not contrary to clearly established Federal law, or based on a unreasonable determination of the facts. 28 U.S.C. § 2254(d). Accordingly, we affirm the district court's order denying Saldivar's petition for a writ of habeas corpus.

**AFFIRMED**.