FILED

**NOT FOR PUBLICATION**

DEC 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RUFUS RAYMOND SHAW, | No. 12-55293 |
| Petitioner - Appellant, | D.C. No. 5:10-cv-01844-VAP-MRW |
| v. | |
| RANDY GROUNDS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted November 18, 2014[**]
Pasadena, California

Before: PAEZ and WARDLAW, Circuit Judges, and PONSOR, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for the District of Massachusetts, sitting by designation.

Rufus Shaw, a California state prisoner, seeks relief pursuant to 28 U.S.C. § 2254 based upon the state court's denial of his oral motion to represent himself in order to file a motion for new trial based on juror misconduct or jury tampering. We have jurisdiction under 28 U.S.C. § 2253. We review the district court's decision to grant or deny the petition de novo and review its factual findings for clear error. Melendez v. Pliler, 288 F.3d 1120, 1124 (9th Cir. 2002).

Shaw's motion was made after a jury convicted him of two counts of murder and one count of attempted murder in 2003. His petition, filed after April 24, 1996, is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lockhart v. Terhune, 250 F.3d 1223, 1228 (9th Cir. 2001). Under AEDPA, the court may grant Shaw's petition only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Following his conviction, the state trial court appointed a new lawyer to represent Shaw. Several months later, the new lawyer reported to the court that there was no basis upon which to file a motion for a new trial. The trial court then

reappointed Shaw's trial attorney to handle sentencing. At the sentencing hearing, which took place seven months after the jury returned its verdict, and three weeks after Shaw's last court appearance, Shaw addressed the court. For the first time, he moved to represent himself so that he could file a motion for new trial based on juror misconduct or jury tampering. The trial court, noting both that the second lawyer reviewed the entire transcript and found no basis for a new trial motion and that the request was untimely, denied Shaw's request. The California Court of Appeal affirmed Shaw's conviction in a reasoned decision, which is the last reasoned decision subject to our review. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

Shaw contends that the state court's ruling on his motion to represent himself following his conviction constituted a violation of his clearly established constitutional rights as set forth in the Supreme Court's decision in Faretta v. California, 422 U.S. 806 (1975), and was based upon an unreasonable determination of the facts regarding the timing of his motion.

Even assuming that Faretta applies in the context of a post-trial, pre-appeal motion for new trial, the state court's ruling that the motion for self-representation was untimely cannot be characterized as "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As Shaw concedes, the Supreme Court has never made a determination regarding the proper timing of a defendant's motion to represent himself. Neither can the state trial court's decision regarding timeliness be seen as "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). A reviewing federal habeas court may not overturn a state court's determination of facts "absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The district court was correct that this standard has not been met.

**AFFIRMED.**