**NOT FOR PUBLICATION**

FILED

NOV 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY'LAND RICE, | No. 14-15963 |
| Plaintiff - Appellant, | D.C. No. 5-11-cv-06295-EJD |
| v. | |
| EL CERRITO POLICE DEPARTMENT, ET AL, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

Before: THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and EZRA,**
District Judge.

Roy'land Rice appeals from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging Fourth and Fourteenth Amendment violations

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

arising out of the impounding of his vehicle for expired registration tags. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, and may affirm on any ground supported by the record. *Miranda v. City of Cornelius*, 429 F.3d 858, 860 n.1 (9th Cir. 2005). We affirm.

The district court properly granted summary judgment on Rice's procedural due process claims because Rice failed to raise a genuine dispute of material fact as to whether he possessed a constitutionally protected property interest in the impounded vehicle. *See Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1128 (9th Cir. 2001) ("The Fourteenth Amendment's guarantee of procedural due process applies when a constitutionally protected property or liberty interest is at stake."); *see also Scofield v. City of Hillsborough*, 862 F.2d 759, 762–65 (9th Cir. 1988) (holding that pre-tow notice and hearing are not required before impounding a vehicle with expired registration). On the record before us, it is impossible to determine what interest, if any, Rice had in the vehicle. What is certain is that he was neither its registered nor its legal owner under California law. Further, Seidell Enterprises did provide actual notice to Rice's last associated address.

To the extent it was properly raised, dismissal of Rice's Fourth Amendment claim was proper because Rice failed to allege facts sufficient to show that the search and seizure were unlawful. *See, e.g.*, *South Dakota v. Opperman*, 428 U.S.

364, 368–69 (1976); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477, n.4 (9th Cir. 1993).

The district court did not abuse its discretion in denying Rice's motion to join Seidell Enterprises, Inc., as a defendant. *See Clement v. City of Glendale*, 518 F.3d 1090, 1096–97 (9th Cir. 2008) (private towing company entitled to "good faith" defense because authorized by police department and constitutional defect/lack of notice could not have been known at time).

**AFFIRMED**.