**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID RODRIGUEZ, | No. 16-17218 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-03620-PJH |
| v. | |
| J. LIZARRAGA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted October 19, 2018**
San Francisco, California

Before: WALLACE, KLEINFELD, and GRABER, Circuit Judges.

California state prisoner David Rodriguez appeals from the district court's

denial of his habeas corpus petition. Rodriguez argues that his conviction was

obtained in violation of due process because the California trial court's jury

instructions did not allow the jury to consider his intoxication when considering

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the offense. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

The district court denied Rodriguez's petition because his due process claim was procedurally defaulted. "Dismissals based on procedural default are reviewed de novo." *Poyson v. Ryan*, 879 F.3d 875, 887 (9th Cir.), *cert. denied*, 138 S. Ct. 2652 (2018). On de novo review, we will conclude that a claim is defaulted if the state court decision rests on adequate and independent state law grounds. *Coleman v. Thompson*, 501 U.S. 722, 736 (1991). A state procedural rule is adequate if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Fairbank v. Ayers*, 650 F.3d 1243, 1256 (9th Cir. 2011) (quoting *Melendez v. Pliler*, 288 F.3d 1120, 1124 (9th Cir. 2002)).

The California Court of Appeal held that Rodriguez's argument was "not cognizable on appeal" because he failed to object at trial. *People v. Rodriguez*, No. H038219, 2013 WL 5377062, at *4 (Cal. Ct. App. Sept. 26, 2013). We have previously recognized that this contemporaneous-objection rule is an adequate and independent state law ground. *Paulino v. Castro*, 371 F.3d 1083, 1093 (9th Cir. 2004). We therefore conclude that Rodriguez's claim that he was denied due process was procedurally defaulted.

Rodriguez argues that his claim is not defaulted because the only "reasonable" explanation of the trial record is that Rodriguez raised the issue but failed to place it on the record. We are not persuaded. It was Rodriguez's duty to

request the voluntary intoxication instruction, *People v. Rundle*, 180 P.3d 224, 283 (Cal. 2008), and Rodriguez had ample opportunity to place such a request on the record. The district court therefore did not err by dismissing Rodriguez's petition because it was procedurally defaulted.

**AFFIRMED.**